# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-184
Lower Tribunal No. F21-13630B

_____

**Malik Mocombe,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Eugene F. Zenobi, Regional Counsel, and Kristen Kawass, Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Malik Mocombe, appeals from an order denying his Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss one count of unlawful use or attempted use of an antishoplifting or inventory control device countermeasure within any premises used for a retail establishment, in violation of section 812.015(7), Florida Statutes (2022). Because the undisputed facts failed to establish that he used or attempted to use the pocketknife recovered from his person, let alone that the instrument itself satisfied the plain and unambiguous statutory definition of "any item or device which is designed, manufactured, modified, or altered to defeat any antishoplifting or inventory control device," we are constrained to reverse and remand with instructions to dismiss the challenged charge. § 812.015(1)(i), Fla. Stat.; Tallahassee Mem'l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc., 681 So. 2d 826, 830 (Fla. 1st DCA 1996) ("When the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute itself must be given its plain and obvious meaning.") (quoting C.S. v. S.H., 671 So. 2d 260, 268 (Fla. 4th DCA 1996)); State v. Blunt, 744 So. 2d 1258, 1259 (Fla. 3d DCA 1999) (holding aluminum foil used to defeat inventory device failed to satisfy requisite statutory definition of antishoplifting or inventory control device countermeasure because it was

not "designed, manufactured, modified, or altered"); see also Cenatis v. State, 120 So. 3d 41, 44 (Fla. 4th DCA 2013) (emphasizing plain wording of applicable definition).

Reversed and remanded.